Gary M. Anderson (State Bar No. 97385)
  ganderson@fulpat.com
Jennifer L. Webber (State Bar No. 204,211)
  jwebber@fulpat.com
Jessica Brookhart-Knost (State Bar No. 246244)
  jknost@fulpat.com
FULWIDER PATTON LLP
6060 Center Drive, 10th Floor
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696
litdocketla@fulpat.com

Attorneys for Cobra Engineering, Inc.

James E. Doroshow (State Bar No. 112920)
  jdoroshow@linerlaw.com
Angela C. Agrusa (State Bar No. 131337)
  aagrusa@linerlaw.com
LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP
1100 Glendon Ave., 14th Floor
Los Angeles, CA 90024
Telephone:  (310) 500-3500
Facsmile:  (310) 500-3501

Attorneys for Cobra Scooters LLC and Michael John Frankovich

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| COBRA ENGINEERING, INC., | Case No. SACV07-01373 DOC(MLGx) |
| Plaintiff, | Assigned to The Hon. David O. Carter |
| v. | Complaint Filed:  November 26, 2007 |
| COBRA SCOOTERS, LLC, a Delaware corporation dba COBRA POWERSPORTS and MICHAEL JOHN FRANKOVICH, an individual, dba NOHO SCOOTERS, | [~~PROPOSED~~] PROTECTIVE ORDER |
| Defendant. | |
| AND RELATED  COUNTERCLAIMS | |

/ / /

/ / /

/ / /

## I.   <u>INTRODUCTION</u>

**WHEREAS**, in the course of this litigation, disclosure may be sought of technical or financial information which a Party or Third Party regards as being of a confidential, trade secret, and/or proprietary nature;

**WHEREAS**, each Party represents that it has endeavored to maintain the confidentiality of its trade secrets and sensitive business information, and ascribes significant competitive and commercial value to them based on their confidentiality;

**WHEREAS**, the Parties agree that unrestricted dissemination of their trade secrets and sensitive business information between the parties, or unfettered access by the public to it, would be potentially irreparable to its value;

**WHEREAS**, the Parties further believe that discovery of such information, on a restricted basis, may be necessary to prepare this matter for trial and to efficiently conduct the trial;

**WHEREAS**, for the purposes of pending litigation and to facilitate discovery between Plaintiff Cobra Engineering Corp. (hereinafter "Cobra" or "Plaintiff"), and Defendants Cobra Scooters, LLC (hereinafter referred to as "CS") and Michael John Frankovich (hereinafter referred to as "Frankovich"), both collectively referred to as "Defendants", and specifically to facilitate the discovery of any confidential, proprietary, or sensitive information, the Parties believe there is a need to establish a mechanism to protect the disclosure of such confidential, trade secret, or proprietary information in this action such that information should be produced under a protective order pursuant to Fed. R. Civ. P. 26(c); and

**GOOD CAUSE HAVING BEEN SHOWN**;

**IT IS HEREBY ORDERED** that the following protective order shall govern the disclosure of confidential, trade secret, and/or proprietary information provided in discovery in this action by any Party or Third Party.

## II.   **DEFINITIONS**

The following definitions apply in this protective order:

A.     The designation "**CONFIDENTIAL**" may be applied by a Party or Third Party to any type of information which that Party or Third Party believes in good faith to constitute, contain, reveal or reflect proprietary or confidential financial, business, commercial, technical, personnel or related information.  The designation made by a Party or Third Party shall be a certification to the Court and to other parties that such information is believed earnestly to be Confidential within the meaning of this Joint Protective Order.  All involved in making such designation shall act in good faith, and such designation shall not be made to impose burden or delay on an opposing party, for tactical or other advantage in litigation, or in order to avoid embarrassment.  Information designated as "CONFIDENTIAL" in accordance with this provision shall be treated as Protected Information until it ceases to be covered by this Joint Protective Order.

B.     The designation "**CONFIDENTIAL – ATTORNEY'S EYES ONLY**" may be applied by a Party or Third Party to any type of information which that party or third party believes in good faith to constitute, contain, reveal or reflect proprietary or confidential financial, business, commercial, technical, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record and their agents only.  This designation shall be made as sparingly as possible and shall be a certification to the Court and the other parties that such information is believed subject to this more restrictive classification within the meaning of this Joint Protective Order.

C.     "**Protected Information**" refers to all information which is subject to the designations "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" as described above.

D.     "**Party**" or "Parties" refers to any party to this litigation, including the

1 Plaintiff or Defendants, and any cross-complainant or cross-defendant, in the above
2 captioned action.

3     E.     "**Third Party**" means every person or entity not a party to this action
4 that provides information, either testimonial or documentary, for use in this
5 litigation through discovery or otherwise.

6     F.     "**Counsel of Record**" means the attorneys who have entered an
7 appearance on behalf of a Party to this litigation and all members, partners and
8 employees of the firm for each such attorney and all vendors thereof who provide
9 litigation support services to said attorneys.

10     G.     "**Court Personnel**" means any Court in which this action is pending,
11 the personnel of any such Court, court reporters who report any testimony or
12 proceeding in this matter, and any jury that may be impaneled in this matter.

13     H.     "**Order**" means this Protective Order.

14

15   **III.   TERMS OF THIS PROTECTIVE ORDER**
16     **A.     Materials Subject to Designation.**

17     All depositions, originals or copies of transcripts of depositions, exhibits,
18 answers to interrogatories and requests for admissions; and all documents, materials,
19 tangible things and information obtained by inspection of files or facilities, by
20 production of documents or by identification of documents previously gathered
21 (hereinafter collectively referred to as "Information") may be designated by any
22 Party or by a Third Party producing the Information in conformity with the
23 definitions set forth above.

24     **B.     Treatment of "CONFIDENTIAL – ATTORNEY'S EYES ONLY"**
25 **Information.**

26     Except as provided in Paragraphs D and E below, Information designated by a
27 Party or Third Party as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and all
28 information derived therefrom (excluding such information as is derived lawfully

from an independent source) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than Counsel of Record or Court Personnel.  Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial, or other purpose whatsoever.

C.     **Treatment of "CONFIDENTIAL" Information.**

Except as provided in Paragraphs D and E below, Information designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available, or communicated in any way to any person or entity other than Counsel of Record, the Parties to this action and their current employees.  Before disclosure to any person or entity other than Counsel of Record or Court Personnel, the person to whom such information is to be disclosed shall execute and deliver to the Counsel of Record making the disclosure a written agreement in the form attached hereto as Exhibit A.  Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

D.     **Outside Expert Consultants.**

Documents designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and "CONFIDENTIAL" may also be shown to outside experts or consultants, together with their clerical personnel, who are retained by a party in connection with the preparation for trial or trial in this action, provided that before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute a written agreement in the form attached hereto as Exhibit A.  The completed Exhibit A shall be sent to the Counsel of Record for the designating Party five (5) business days before any such disclosure occurs.  If the designating Party objects, the designating Party shall provide the grounds for objection in writing to the Party proposing to retain the expert and the disclosure

[PROPOSED] PROTECTIVE ORDER
Case No. SACV07-01373 DOC(MLGx)

4

1    shall not take place in the absence of an agreement by the Parties or a Court Order.

2    The foregoing notwithstanding, any such expert or consultant who is an employee of

3    a competitor (other than the Parties themselves) of any of the Parties shall not be

4    shown or otherwise given access to documents or information designated

5    "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL," and

6    any such expert or consultant that is an employee of any of the Parties shall not be

7    shown or otherwise given access to documents or information designated as

8    "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

9         **E.      Request for Additional Disclosure.**

10            If any Counsel of Record desires to give, show, make available or

11   communicate to any person apart from those permitted under Paragraphs B, C, and

12   D any information designated as "CONFIDENTIAL – ATTORNEY'S EYES

13   ONLY" or "CONFIDENTIAL," that Counsel of Record shall first obtain the written

14   consent of the designating party through such party's counsel or seek leave of Court

15   to do so.  Each person to whom the Protected Information is to be given, shown,

16   made available or communicated must execute a written confidentiality agreement,

17   in the form attached hereto as Exhibit A.  Only after all of the foregoing conditions

18   have been fully satisfied may the Protected Information be given, shown, made

19   available or communicated to any person other than those permitted under

20   Paragraphs B, C, and D.

21        **F.      Record of Disclosure**

22            A record of each person, other than Counsel of Record or Court Personnel,

23   shown any Confidential Information shall be maintained by Counsel of Record

24   making any such disclosure.  Said records shall be made available for inspection and

25   copying by opposing counsel upon written request.

26        **G.      Maintenance of Protected Information.**

27            Counsel of Record receiving Protected Information that is provided pursuant

28   to this Order shall maintain such Protected Information in  a secure and safe area

1  and shall exercise due and proper care with respect to the storage, custody and use

2  of all Protected Information, so as to prevent the unauthorized or inadvertent

3  disclosure of any Protected Information.

4       **H.**    **Manner of Designating Documents.**

5       A Party or Third Party shall designate documents containing Protected

6  Information by placing a legend in plain view on each page of any document that

7  Party or Third Party wishes to protect against disclosure or use.  This legend shall

8  state "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL,"

9  as appropriate.  A designation of Protected Information as to any thing of which

10  inspection or sample has been requested shall be made by placing a

11  "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" legend

12  on the thing or container within which it is stored, or by some other reasonable

13  means of designation agreed upon by the Parties.  Electronic documents may be

14  designated by printing such a legend on the medium on which the electronic

15  documents are stored.

16       Alternatively, documents may be made available for an initial inspection by

17  Counsel of Record for the requesting (receiving) party prior to the furnishing party

18  producing copies of selected items.  In such cases, documents shall be inspected

19  only by Counsel of Record for the receiving party who is permitted access to

20  anything designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or

21  "CONFIDENTIAL" pursuant to the terms of this Order, prior to furnishing copies to

22  the receiving party.  Such initial inspection shall not constitute waiver of

23  confidentiality with respect to any document so inspected.

24       **I.**    **Initial Failure to Designate Information.**

25       The initial failure to designate information "CONFIDENTIAL –

26  ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" in accordance with this

27  Order shall not preclude any Party or Third Party, at a later date, from so

28  designating the documents and to require such documents be treated in accord with

such designation from that time forward.  If such information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed information, advise such persons of the claim of confidentiality, and have such persons execute a written confidentiality agreement in the form attached hereto as Exhibit A.  With respect to any documents produced to date by either Party or any depositions that have been taken to date, either Party has until 30 days after the entry of this Order in which to designate all or part of any such document or deposition as containing "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" information.

**J.      Manner of Designating Depositions.**

In the case of a deposition, or oral examination of a present or former officer, employee or agent of one of the Parties, Counsel of Record may, at the commencement of such deposition, temporarily designate the entire deposition as "CONFIDENTIAL – ATTORNEY'S EYES ONLY," provided, however, that where such an initial designation has been made, the designating Party, within fifteen (15) days after receipt of the transcript, shall mark as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL" those pages of the transcript as such Party shall then deem confidential, (the confidentiality designation of all remaining pages being rescinded after such period), and shall notify the other Party in writing which pages are deemed Protected Information.  In the event of such an initial designation, no person who is not entitled to receive Information that is designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be present at the deposition.  In the event that such notice is not sent within said fifteen (15) days of the receipt of the transcript, no portion of the deposition shall thereafter be confidential unless the designating Party thereafter notifies the other Party that the failure to timely designated occurred by oversight.

**K.    Court Reporters.**

Any court reporter who reports the testimony in this action at a deposition shall agree, before reporting any such testimony involving Protected Information, that all Protected Information is and shall remain confidential and shall not be disclosed except to the Counsel of Record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to the Counsel of Record for the designating party or to the Court subject to the provisions hereof.

**L.    Filing Documents with the Court.**

All Information designated as Protected Information which is filed or lodged with the court, or any pleading or memorandum purporting to reproduce or paraphrase such Information, shall be filed or lodged under seal in conformity with Local Rule 79-5 and any other applicable procedures of the Court.

Upon failure of the filing or lodging Party properly to designate Protected Information and file or lodge such Information in accordance with this Order, any Party who in good faith believes that designation and filing under seal is required may within five (5) days of learning of the defective filing or lodging designate the Protected Information and request that the document be filed or lodged under seal. Notice of such designation shall be given to all Parties. Nothing in this provision relieves a Party of liability for damages caused by failure to properly file such Information under seal. This provision shall not prevent an appropriately marked second copy of any paper specifically intended for review by the Court being hand-delivered to the Court to assure that the same is brought promptly to the Court's attention.

**M.    No Effect on Party's Own Use.**

Nothing contained in this Order shall affect the right of a Party to disclose to its officers, directors, employees, partners or consultants or to use as it desires any

1    information designated and produced by it as "CONFIDENTIAL – ATTORNEY'S

2    EYES ONLY" or "CONFIDENTIAL."

3        **N.    No Effect on Disclosure to Author or Addressees.**

4        Nothing contained in this Order shall affect the right of a Party to disclose any

5    information designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or

6    "CONFIDENTIAL" to the author or addressees of the document.

7        **O.    No Applicability to Public Information.**

8        The restrictions on dissemination of confidential information shall not apply

9    to (i) information which prior to disclosure hereunder is either in the possession or

10   knowledge of an inspecting party or person who, absent this order, is under no

11   restriction regarding its dissemination, or (ii) information which is public knowledge

12   or which after disclosure, becomes public knowledge other than through an act or

13   omission of a party receiving the confidential information that is contrary to this

14   Order.

15       **P.    Legal Effect of Designations.**

16       The designation by a Party of Third Party of any document, material or

17   Information as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or

18   "CONFIDENTIAL" is intended solely to facilitate discovery in this action, and

19   neither such designation nor treatment in conformity with such designation shall be

20   construed in any way as an admission or agreement by any Party that the designated

21   disclosure constitutes or contains any trade secret or confidential information.  This

22   Order shall not prejudice the right of any party to bring before the Court a motion

23   seeking a declaration that information produced by the other party has been

24   wrongfully designated as Protected Information and should not be subject to the

25   terms of this Order, provided, however, that the receiving party shall first attempt to

26   resolve the issue informally with the designating party.  Where a party brings such a

27   motion, the designating party shall have the burden of proving that the information

28   designated as Protected Information is not in the public domain or was not

1  possession of the receiving party prior to its disclosure through discovery in this

2  action, or is otherwise appropriately designated as Protected Information.  Failure to

3  so designate any document or thing shall not constitute a waiver of any claim by a

4  party that such documents or things do contain trade secrets, proprietary

5  information, and/or confidential information.

6      **Q.**    **Final Disposition of Action.**

7      Within 60 days after the final disposition of this action, including appeals,

8  each Counsel of Record shall, upon the request of a Party or Third Party:  (a)

9  promptly return to Counsel of Record for the designating party all Information

10  designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or

11  "CONFIDENTIAL" and all copies made thereof which are not in custody of the

12  Court; or (b) promptly destroy or see to the destruction of all writings related

13  thereto, including but not limited to notes, analyses, memoranda, or reports provided

14  to or by any other persons, and certify to the designating party that such destruction

15  has been done.  As an exception to the above, Counsel of Record may retain a single

16  file copy of any document filed with the Court, a copy of any written discovery

17  response, and a transcript of any deposition testimony, together will all exhibits

18  thereto.  The copy of these retained documents shall be treated as

19  "CONFIDENTIAL – ATTORNEY'S EYES ONLY"  or "CONFIDENTIAL," as the

20  case may be and Counsel of Record shall immediately notify opposing Counsel of

21  Record of any attempt by Third Parties to inspect and/or copy said documents.

22      **R.**    **Motion for Relief from Designation.**

23      If, subsequent to a Party's receipt of information designated

24  "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL," it

25  shall appear to such Party that any such information is not of a nature warranting the

26  protection afforded hereunder, such Party shall first notify Counsel of Record for the

27  designating Party or Third Party in writing, providing its reasons for challenging the

28  designation.

1    The designating Party or Third Party shall then notify the objecting Party (and
2  any other Party to this action) in writing of the bases for the asserted designation
3  within five (5) business days after receiving such written objection from the
4  objecting Party.  The Parties shall then confer in good faith in an effort to informally
5  resolve the validity of the designating Party's designation within ten (10) business
6  days after the objecting party has received the designating Party's notice of the bases
7  for the asserted designation.  Counsel of Record for either Party can grant an
8  extension of time for this conference as mutually agreed upon.

9    If the dispute is not resolved after fifteen (15) business days after notice of
10  objection, the objecting Party may bring a noticed motion to be relieved of its
11  obligations under this Order as to any such Information.  The producing Party or
12  Third Party bears the burden of proof that any designated material meets the
13  requirements for such designation.  The material shall in all respects be treated as
14  Protected Information from the time of original designation until the Court has
15  determined the issue.

16  **S.    Modification of Order.**

17    This Order shall not prevent any of the Parties or a Third Party from applying
18  to the Court for relief therefrom, or from applying to the Court for further or
19  additional Protective Orders, or from agreeing between themselves to modification
20  of this Protective Order, subject to the approval of the Court.

21  **T.    Survival of Terms.**

22    Absent written modification hereof by the Parties hereto or further order of
23  the Court, the provisions of this Order that restrict the disclosure and use of
24  Protected Information shall survive the final disposition of this action and continue
25  to be binding on all persons subject to the terms of this Order.

26  **U.    Effect on Discovery.**

27    This Order shall not preclude or limit the right of any Party to oppose
28  discovery on any ground which would otherwise be available.

**V.     Submitting to Jurisdiction of the Court.**

Each Party and person to whom disclosure of any Protected Information is made shall be subject to and hereby submits to the jurisdiction of the United States District Court for the Central District of California for the purpose of contempt proceedings in the event of any violation of this Order.

**W.     Violation of Order.**

In the event anyone shall violate or threaten to violate any term of this Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order and, in the event the aggrieved Party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law.  The Parties and any other person subject to the terms of this Order agree that this Court has jurisdiction over such person or party for the purpose of enforcing this Order.  In the event that any Protected Information is disclosed by a receiving Party in violation of this Order, the Protected Information shall not lose its status through

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 | such disclosure, and the Parties shall take all steps reasonably required to assure its
2 | continued confidentiality.

3 |      **SO STIPULATED.**

4

5 | DATED: September 5, 2008        FULWIDER PATTON LLP

6 |                          By:  /S/ Jessica Brookhart-Knost

7 |                              Gary M. Anderson

8 |                              Jennifer L. Webber

                             Jessica Brookhart-Knost

9 |                              Attorneys for Plaintiff

10

11

12 | DATED: September 8, 2008        LINER YANKELEVITZ SUNSHINE &
13 |                             REGENSTREIF LLP

14 |                          By: /S/ Angela C. Agrusa

15 |                              James E. Doroshow

16 |                              Angela C. Agrusa

                             Attorneys for Defendants

17

18 |      **IT IS SO ORDERED.**

19 |                          By:

20

21 | DATED:  September 15, 2008

22 |                            David O. Carter

23 |                            United States District Judge

24

25

26

27

28

**EXHIBIT A: NONDISCLOSURE AGREEMENT**

STATEMENT OF _____[NAME]

I, _____ [name], hereby acknowledge that I understand that any Protected Information provided to me is subject to the terms and conditions of the Stipulated Protective Order in Case No. SACV07-01373 DOC(MLGx), which is pending in the United States District Court for the Central District of California.  Having been given a copy of this Protective Order, and having read and understood its contents, I hereby expressly agree to be bound by the terms and provisions thereof.  I will hold in confidence any Protected Information which is disclosed to me and will use it only for purposes set forth in the Stipulated Protective Order, and I will not disclose such information to anyone not qualified thereunder.

My present address is _____ [address].  My present phone number is _____ [phone number].  My present employer is _____ [employer], where I am a _____ [employment position].

I understand that I am to retain all copies of any of the materials I receive, which have been so designated as Confidential Information, in a container, drawer, cabinet, room, or other safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, at which time I will return or destroy the copies as specified in the Order.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Order.

I hereby submit to the jurisdiction of this Court in this action solely for the purpose of enforcement of this Stipulation and Protective Order."

_____          _____
Date                                                      Signature